733 P.2d 644

**Joan BUSSANICH, Plaintiff/Appellant,**

v.

**Robert R. DOUGLAS,
Defendant/Appellee.**

No. 2 CA–CV 5780.

Court of Appeals of Arizona,
Division 2, Department A.

Nov. 18, 1986.

Review Denied Feb. 24, 1987.

Miller & Pitt, P.C. by Barry N. Akin and Anne M. Ryan, Tucson, for plaintiff/appellant.

Chandler, Tullar, Udall & Redhair by D.B. Udall and E. Hardy Smith, Tucson, for defendant/appellee.

## OPINION

**HOWARD, Presiding Judge.**

This is an appeal from the granting of a motion for summary judgment. Both parties, psychologists, were public employees employed by the Southern Arizona Mental Health Center, a state mental health agency administered by the Department of Health Services. During an "in-service" workshop on handguns, the defendant was negligent in his handling of a firearm which discharged and seriously injured the plaintiff.

The plaintiff filed this negligence action against her fellow employee for damages for personal injuries. Based on the 1980 amendment to art. 18, § 8 of the Arizona Constitution and A.R.S. § 23–1022, the defendant moved for summary judgment contending that plaintiff's exclusive remedy was for the receipt of workmen's compensation benefits. The plaintiff opposed the motion, contending that A.R.S. § 23–1022 was unconstitutional as applied to public employees and that the constitutional amendment did not authorize the legislature to enact any statutes limiting public employees who have been negligently injured by a fellow employee in the course of their employment to compensation benefits. The trial court held that plaintiff's exclusive remedy was workmen's compensation and we agree.

A.R.S. § 23–1022(A) provides:

"The right to recover compensation pursuant to this chapter for injuries sustained by an employee or for the death of an employee is the exclusive remedy against the employer or *any co-employee* acting in the scope of his employment, ..." (Emphasis added.)

A.R.S. § 23–1024(A) provides:

"An employee, or his legal representative in event death results, who accepts compensation waives the right to exercise any option to institute proceedings in court against his employer or any co-employee acting within the scope of his employment, or against the employer's workmen's compensation insurance carri-

er or administrative service representative."

Prior to the 1980 amendment, art. 18, § 8 of the Arizona Constitution read as follows:

"The Legislature shall enact a Workmen's Compensation Law applicable to workmen engaged in manual or mechanical labor in all public employment whether of the State, or any political subdivision or municipality thereof as may be defined by law and in such private employments as the Legislature may prescribe by which compensation shall be required to be paid to any such workman, in case of his injury and to his dependents, as defined by law, in case of his death, by his employer, if in the course of such employment personal injury to or death of any such workman from any accident arising out of and in the course of, such employment, is caused in whole, or in part, or is contributed to, by a necessary risk or danger of such employment, or a necessary risk or danger inherent in the nature thereof, or by failure of such employer, or any of his or its agents or employee or employees to exercise due care, or to comply with any law affecting such employment; provided that it shall be optional with any employee engaged in any such private employment to settle for such compensation, or to retain the right to sue said employer as provided by this Constitution; and, provided further, in order to assure and make certain a just and humane compensation law in the State of Arizona, for the relief and protection of such workmen, their widows, children or dependents, as defined by law, from the burdensome, expensive and litigious remedies for injuries to or death of such workmen, now existing in the State of Arizona, and producing uncertain and unequal compensation therefor, such employee, engaged in such private employment, may exercise the option to settle for compensation by failing to reject the provisions of such Workmen's Compensation Law prior to the injury...."

In *Kilpatrick v. Superior Court,* 105 Ariz. 413, 466 P.2d 18 (1970), the supreme

court concluded that the 1925 amendment to this section, broadening coverage and requiring an election of remedies prior to injury, did not empower the legislature to abolish the rights of injured workers against their co-employees. In response to the *Kilpatrick* decision, the legislature amended A.R.S. § 23–1022(A) of the Workmen's Compensation Act to provide explicitly that the right to recover compensation under the Act was the exclusive remedy for injuries caused by an employer or any co-employee acting in the scope of employment. The supreme court reviewed the amendment in 1972 and reiterated its holding in *Kilpatrick:* "Absent constitutional authority, the legislature cannot interfere with a worker's rights to sue a co-employee." *Halenar v. Superior Court,* 109 Ariz. 27, 504 P.2d 928 (1972).

In response to *Kilpatrick* and *Halenar,* the legislature proposed the 1980 amendment to correct the deficiencies noted in these cases. The amendment, which was approved by the voters, is as follows with the amended portions in capital letters:

"Section 8. The Legislature shall enact a Workmen's Compensation Law applicable to workmen engaged in manual or mechanical labor in all public employment whether of the State, or any political subdivision or municipality thereof as may be defined by law and in such private employments as the Legislature may prescribe by which compensation shall be required to be paid to any such workman, in case of his injury and to his dependents, as defined by law, in case of his death, by his employer, if in the course of such employment personal injury to or death of any such workman from any accident arising out of and in the course of, such employment, is caused in whole, or in part, or is contributed to, by a necessary risk or danger of such employment, or a necessary risk or danger inherent in the nature thereof, or by failure of such employer, or any of his or its agents or employee or employees to exercise due care, or to comply with any law affecting such employment; provided that it shall be optional with any employ-

ee engaged in any such private employment to settle for such compensation, or to retain the right to sue said employer OR ANY PERSON EMPLOYED BY SAID EMPLOYER, ACTING IN THE SCOPE OF HIS EMPLOYMENT, as provided by this Constitution; and, provided further, in order to assure and make certain a just and humane compensation law in the State of Arizona, for the relief and protection of such workmen, their widows, children or dependents, as defined by law, from the burdensome, expensive and litigious remedies for injuries to or death of such workmen, now existing in the State of Arizona, and producing uncertain and unequal compensation therefor, such employee, engaged in such private employment, may exercise the option to settle for compensation by failing to reject the provisions of such Workmen's Compensation Law prior to the injury, EXCEPT THAT IF THE INJURY IS THE RESULT OF AN ACT DONE BY THE EMPLOYER OR A PERSON EMPLOYED BY THE EMPLOYER KNOWINGLY AND PURPOSELY WITH THE DIRECT OBJECT OF INJURING ANOTHER, AND THE ACT INDICATES A WILFUL DISREGARD OF THE LIFE, LIMB OR BODILY SAFETY OF EMPLOYEES, THEN SUCH EMPLOYEE MAY, AFTER THE INJURY, EXERCISE THE OPTION TO ACCEPT COMPENSATION OR TO RETAIN THE RIGHT TO SUE THE PERSON WHO INJURED HIM."

Plaintiff contends that the unambiguous language of the 1980 amendment, "... provided that it shall be optional with any employee engaged in any such *private* employment to settle for such compensation, or to retain the right to sue ... any person employed by said employer, acting in the scope of his employment ...," makes workmen's compensation for those persons who have not rejected the benefits of the act pursuant to A.R.S. § 23–906 the exclusive remedy *only* for persons in private employ-

ment. Nowhere in the proviso are public employees mentioned.

The defendant contends that the 1980 amendment to the constitution was an attempt by the legislature to correct the constitutional deficiencies noted in *Halenar* and *Kilpatrick*. Rather than rewrite the entire section, the legislature attempted through the proposed amendment to "constitutionalize" the co-employee provisions of A.R.S. §§ 23–1022 and 23–1024 by simply inserting an additional clause. The defendant contends that in drafting the proposed amendment, the legislature apparently failed to consider the fact that the distinctions between public and private employees written into § 8 had been rendered obsolete by the abolition of governmental immunity in the case of *Stone v. Arizona Highway Commission*, 93 Ariz. 384, 381 P.2d 107 (1963). He argues further that extrinsic material should be examined to determine the true intent of the legislature.

■ When a constitutional provision is clear on its face and is logically capable of only one interpretation, no extrinsic matter may be shown in support of a construction which would vary its apparent meaning. However, when the constitutional language is ambiguous or when a construction is urged which would result in an absurd situation, the court may look behind the bare words of the provision in order to determine the conditions which give rise to it and the effect which it was intended to have. *Ward v. Stevens*, 86 Ariz. 222, 344 P.2d 491 (1959). When a constitutional provision is clear, judicial construction is neither required nor proper. *Clark v. City of Tucson*, 1 Ariz.App. 431, 403 P.2d 936 (1965). Where there is no ambiguity or absurdity, a constitutional provision requires no interpretation. *Adams v. Bolin*, 74 Ariz. 269, 247 P.2d 617 (1952). A constitutional provision may be considered absurd if it is so irrational, unnatural, or inconvenient that it cannot be supposed to have been within the intention of men with ordinary intelligence and discretion. Cf. *Marks v. State*, 220 Ind. 9, 40 N.E.2d 108 (1942); *Graves v. Scales*, 172 N.C. 915, 90

S.E. 439 (1916). The plaintiff has suggested no reason why the legislature would give public employees greater rights against their fellow employees than those employed by private corporations—why it would treat private and public employees unequally. We believe that men of ordinary intelligence and discretion would not intend such a result. Therefore, we feel free to look at extrinsic evidence to determine the true intent of the legislature.

■ The publicity pamphlet of 1980 and the arguments advanced in support of the constitutional amendment can be used to ascertain the meaning and purpose of an amendment. *Laos v. Arnold*, 141 Ariz. 46, 685 P.2d 111 (1984); *Ward v. Stevens*, supra. The legislative council arguments favoring the amendment as stated in the publicity pamphlet were:

"A stated purpose of our current constitutional provisions on workmen's compensation is to provide for protection from the burdensome, expensive and litigious remedies for injuries to or death of workers. Present law allows a worker to sue a co-employee even after the injured person has been paid for the injury through workmen's compensation. This proposition would require that the worker choose between taking compensation and filing a suit against the co-employee in the event of an injury. This change would reduce unnecessary lawsuits and bar double recoveries by the injured workers.

Current constitutional language requires that, if the injury is caused by the employer, the injured employee must elect to either take compensation or sue the employer. It only makes sense to provide equal treatment in the case of an injury caused by a co-employee.

Proposition 105 does recognize that even if an employee has chosen to be covered by workmen's compensation, in the case of an act purposely injuring the employee and done with a wilful disregard to his safety, the injured employee may still reject the compensation cov-

erage and sue the employer or co-employee.

Proposition 105 both clarifies present law and precludes double recoveries which have plagued the already expensive system of workmen's compensation."

■ The argument for the amendment as submitted by the Arizona Chamber of Commerce, stated:

"Presently, Arizona law provides that a worker cannot both accept workmen's compensation coverage and sue his employer in the event of a work-related injury. This is to protect the employer against having to pay for an injury twice—once in the form of workmen's compensation, and then again as a result of a civil suit. This protection for the employer against civil suit was a trade-off for giving the worker compensation for injuries without having to prove the employer was responsible.

For over 40 years, this same protection against civil suits extended to fellow employees of an injured worker in Arizona, a protection workers in the vast majority of states currently enjoy. Due to an overly technical court interpretation of our state constitution, this protection was taken away from Arizona workers. If you unintentionally contribute to a work-related injury, you are subject to civil suit even if your injured co-worker receives workmen's compensation.

An employee subject to such a suit is unprotected. Insurance against this kind of liability is unavailable, meaning his earnings, savings, and home may be on the line. His only hope is that his employer will assume his liability and the cost of his defense. Sometimes employers do that, in which case the suit is actually an attempt to do indirectly what cannot be done directly—make a double recovery against the employer who has already paid workmen's compensation. Passage of Proposition 105 would prevent both of these inequities, although it is carefully worded so that employers or fellow workers who purposely injure someone would not be protected against civil suit."

The ballot contained the following descriptive title of the proposed amendment to the constitution:

"Amending Arizona Constitution, Article XVIII, Section 8, allowing persons eligible for workmen's compensation to choose compensation or retain the right to sue the co-employee who injured him if the injury resulted from an act done by the employer or co-employee."

The ballot also told the voter what the effect of a "yes" and "no" vote would be:

"A 'yes' vote shall have the effect of allowing an injured employee the choice of accepting compensation or to sue the co-employee who caused the injury.

A 'no' vote shall have the effect of retaining provision of allowing an employee to recover workmen's compensation as well as the right to sue co-employee."

We believe it is abundantly clear from the foregoing that the intention of the legislature and the people who voted for the amendment was to bar double recoveries by all injured workers covered by the act, whether they be public or private employees. The plaintiff points to the analysis by the legislative council as showing a contrary intent. The analysis by the legislative council which was contained in the publicity pamphlet stated:

"Proposition 105 would amend Article XVIII, Section 8, Constitution of Arizona, to require an employee engaged in *private employment* who is eligible for workmen's compensation to specifically choose to either accept compensation or retain the right to sue a co-employee who commits an act in the scope of employment causing an injury to the employee. This would change present law which allows recovery of workmen's compensation in addition to a suit against the co-employee. Under current law an employer is usually exempt from being sued if the employer provides compensation.

The law also currently provides that an eligible employee is automatically cover-

ed by workmen's compensation unless he specifically rejects coverage in writing prior to an injury. This proposition includes an additional constitutional text change which would allow an employee covered by compensation the option to sue the employer or co-employee without having filed previous notice of the rejection of coverage if the act causing the injury was done knowingly and purposely with the direct object of injuring the employee, and the act shows a wilful disregard of the employee's life, limb or bodily safety. The suit would be instead of, and not in addition to, workmen's compensation." (Emphasis added)

We believe the emphasized language did no more than parrot the language of the proposition and does not demonstrate the legislature's intent. This conclusion is reinforced by the arguments of the legislative council which clearly make no distinction between public and private employees.

Affirmed.

HATHAWAY, C.J., and FERNANDEZ, J., concur.