IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO

———————————————

THE STATE OF ARIZONA,
*Appellee*,

*v.*

MARIA CHAVEZ CISNEROS,
*Appellant*.

No. 2 CA-CR 2022-0125
Filed August 14, 2023

———————————————

Appeal from the Superior Court in Pinal County
No. S1100CR201500853
The Honorable Daniel A. Washburn, Judge

**AFFIRMED**

———————————————

COUNSEL

Kent P. Volkmer, Pinal County Attorney
By Thomas C. McDermott, Florence
*Counsel for Appellee*

Southern Arizona Legal Aid, Tucson
By Joseph Falcon-Freeman
*Counsel for Appellant*

---

**OPINION**

---

Judge Kelly authored the opinion of the Court, in which Presiding Judge Brearcliffe concurred and Judge Eckerstrom specially concurred.

---

K E L L Y, Judge:

**¶1**        Maria Cisneros appeals from the trial court's order denying her petition to expunge records related to her conviction for possession of drug paraphernalia.  Cisneros contends the court erred by finding her records ineligible for expungement under A.R.S. § 36-2862.  For the following reasons, we affirm.

**Factual and Procedural Background**

**¶2**        In 2014, Cisneros was arrested for theft and searched incident to her arrest.  According to the release questionnaire prepared by the arresting officer, three small baggies containing methamphetamine were found in the right front pocket of her pants, and a marijuana cigarette was found inside a plastic container in her left front pocket.[1]  She was charged with possession of methamphetamine, possession of marijuana, and possession of "drug paraphernalia, to wit:  baggies and container used to store methamphetamine and/or marijuana."

**¶3**        Cisneros pled guilty to the drug paraphernalia charge in exchange for the state's dismissal of the remaining charges.  Pursuant to a written agreement, she pled guilty to an amended count of "[p]ossession of drug paraphernalia (to wit:  baggies and/or container used to store methamphetamine *or* marijuana) . . . ." (Emphasis added.)  At her change of plea hearing, Cisneros agreed with the following factual basis for the offense:  "Ms. Cisneros possessed a baggie whose purpose was to hold illegal drugs, mainly methamphetamine. She was aware of the purpose and held it voluntarily."  The trial court accepted the plea, suspended the

---

[1]Neither party below or on appeal discussed the location of the drugs when found.  However, the release questionnaire was in the record before the change of plea hearing and the expungement proceedings.

imposition of sentence, and placed Cisneros on a three-year term of supervised probation.

¶4            In 2022, following the enactment of Proposition 207, which provides for expungement of records relating to certain marijuana-related offenses, *see* A.R.S. §§ 36-2850 to 36-2865, Cisneros filed a petition to expunge the records of her drug paraphernalia conviction. The state opposed the petition, asserting she pled guilty to a drug paraphernalia charge "related to methamphetamine and marijuana" and therefore did not qualify for expungement.

¶5            At a hearing on the petition, Cisneros argued that possession of drug paraphernalia is a unitary offense and the paraphernalia at issue related to both methamphetamine and marijuana. Accordingly, she reasoned that her records should be expunged because her paraphernalia "related to marijuana."

¶6            In response, the state cited both the language of the written plea agreement and the factual basis Cisneros provided at her change of plea hearing—the latter of which included no mention of marijuana—to contend the paraphernalia was not governed by the marijuana expungement statute.[2] Citing both the plea agreement and the change of plea transcript, the trial court denied the petition. The court explained, "[Cisneros] acknowledges that that baggie was mainly used for methamphetamine. As a result, I don't believe that it would be appropriate for this court to allow for this conviction to be set aside based on the marijuana expungement statutes."

¶7            This appeal followed. We have jurisdiction pursuant to article VI, § 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, 13-4033(A)(3), and 36-2862(F).

## Discussion

¶8            Cisneros argues on appeal that her paraphernalia conviction was a unitary offense, was "related to" marijuana, and should have been expunged pursuant to § 36-2862. She also argues the trial court impermissibly shifted the burden of proof under § 36-2862(B)(3) by denying her petition even after the state had "acknowledged that the conviction did

----

[2]The state argued that "the plea . . . does mention marijuana and/or methamphetamine," but the plea agreement in fact reads, "marijuana or methamphetamine."

relate to both marijuana and methamphetamine." We review *de novo* questions of statutory interpretation, *see State v. Estrada*, 201 Ariz. 247, ¶ 15 (2001), but we review the court's denial of the petition for an abuse of discretion, *see State v. Hall*, 234 Ariz. 374, ¶ 3 (App. 2014).

**¶9** "Proposition 207, a voter-passed initiative, legalized certain conduct related to the recreational use, cultivation, and sale of marijuana and provided for expungement of records for specific marijuana-related offenses." *State v. Ibarra*, 254 Ariz. 320, ¶ 6 (App. 2022); *see also* §§ 36-2850 to 36-2865. When interpreting statutes adopted by initiative, our primary objective is "to give effect to the intent of the electorate." *State v. Gomez*, 212 Ariz. 55, ¶ 11 (2006). "The most reliable indicator of that intent is the language of the statute, and if it is clear and unambiguous, we apply its plain meaning and the inquiry ends." *State v. Jones*, 246 Ariz. 452, ¶ 5 (2019). However, ambiguity exists when a term "is open to multiple reasonable interpretations." *Glazer v. State*, 244 Ariz. 612, ¶ 12 (2018). We must therefore first look to the initiative's plain language. *See Jones*, 246 Ariz. 452, ¶ 5.

**¶10** Section 36-2862 provides in pertinent part:

> A. [A]n individual who was arrested for, charged with, adjudicated or convicted by trial or plea of, or sentenced for, any of the following offenses . . . may petition the court to have the record of that arrest, charge, adjudication, conviction or sentence expunged:
>
> 1. Possessing, consuming or transporting two and one-half ounces or less of marijuana, of which not more than twelve and one-half grams was in the form of marijuana concentrate.
>
> 2. Possessing, transporting, cultivating or processing not more than six marijuana plants at the individual's primary residence for personal use.
>
> 3. Possessing, using or transporting paraphernalia relating to the cultivation, manufacture, processing or consumption of marijuana.

The phrase "relating to" used in subsection (A)(3) is neither clear nor unambiguous. Cisneros urges those words should be interpreted to mean that a conviction for possession of paraphernalia involving multiple drugs is expungable under this statute so long as one of those drugs is marijuana. We disagree.

¶11 When interpreting statutory provisions, we give words "their ordinary meaning unless it appears from the context or otherwise that a different meaning is intended." *Arizona ex rel. Brnovich v. Maricopa Cnty. Cmty. Coll. Dist. Bd.*, 243 Ariz. 539, ¶ 7 (2018) (quoting *State v. Miller*, 100 Ariz. 288, 296 (1966)). Accordingly, "[w]e interpret statutory language in view of the entire text, considering the context." *Nicaise v. Sundaram*, 245 Ariz. 566, ¶ 11 (2019); *see also Adams v. Comm'n on App. Ct. Appts.*, 227 Ariz. 128, ¶ 34 (2011) ("[I]t is a 'fundamental principle of statutory construction (and, indeed, of language itself) that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used.'" (quoting *Deal v. United States*, 508 U.S. 129, 132 (1993), *overruled on other grounds by United States v. Davis*, ___ U.S. ___, ___, 139 S. Ct. 2319 (2019))). We therefore determine the meaning of the words "relating to" as used in § 36-2862(A)(3) in context, and "we interpret and apply statutory language in a way that will avoid an untenable or irrational result." *State v. Estrada*, 201 Ariz. 247, ¶ 16 (2001).

¶12 "Relating" can mean, among other things, "to show or establish logical or causal connection between." *Relating*, Merriam-Webster.com Dictionary (last visited August 7, 2023). However, when read in the broader context of Proposition 207 and its stated purpose, as well as our existing law, the phrase "relating to" cannot carry a meaning as broad as Cisneros suggests. The purposes stated for Proposition 207 include "[f]acilitating the expungement and sealing of records . . . predicated on conduct made lawful by this act." *See* Text of Proposed Amendment § 7(7), Proposition 207 ("Smart and Safe Arizona Act"), 2019 Ballot Propositions. The conduct made lawful by Proposition 207 was strictly limited to one drug—marijuana.

¶13 Further, as amended after the approval of Proposition 207, § 13-3415(B) proscribes the possession of drug paraphernalia, "[e]xcept as provided in § 36-2852 and § 36-2853, subsection C," and designates the offense as a class six felony. *See* 2021 Ariz. Sess. Laws, ch. 222, § 5. Section 36-2852 allows individuals to lawfully possess paraphernalia "relating to the . . . consumption of marijuana," and § 36-2853(C) reduces the public smoking of marijuana to a petty offense. Thus, possession of drug paraphernalia outside of these exceptions is still a felony.

¶14          As Cisneros correctly points out, this court has determined that possession of drug paraphernalia is a unitary offense and that the allowable "unit of prosecution" under § 13-3415 is "the act of possessing drug paraphernalia." *State v. Soza*, 249 Ariz. 13, ¶ 23 (App. 2020). Cisneros argues from this that the words "relating to" in § 36-2862 must be read expansively—to allow expungement of a paraphernalia conviction if it involves *any* marijuana paraphernalia.

¶15          However, our supreme court recently construed the words "relating to" in resolving a challenge to a voter initiative adopting surcharges on rental cars, and it declined to adopt an interpretation that would "encompass revenues that voters clearly did not intend to be covered." *Saban Rent-a-Car LLC v. Ariz. Dep't of Revenue*, 246 Ariz. 89, ¶ 22 (2019). The court agreed with the plaintiffs that the words "'related to' could have an almost unlimited reach if construed too broadly" and concluded that the language must be read in conjunction with the provision's history and purpose. *Id.*

¶16          Nothing in Proposition 207 or its stated purposes suggests the voters intended it to encompass crimes relating to drugs other than marijuana, even though a paraphernalia offense could relate to more than one drug. Given the voters' limited intent to legalize possession and use of marijuana and related paraphernalia, and to provide for expungement of such offenses only, we reject Cisneros's argument that the absence of the word "only" from the phrase "relating to" requires us to read it more expansively. *Cf. Roberts v. State*, 253 Ariz. 259, ¶ 20 (2022) ("court will not inflate, expand, stretch or extend a statute to matters not falling within its expressed provisions" (quoting *City of Phoenix v. Donofrio*, 99 Ariz. 130, 133 (1965))).

¶17          Accordingly, the words "relating to" as used in § 36-2862(A)(3) allow for the expungement of a drug paraphernalia conviction involving marijuana provided the same conviction did not also involve illegal drugs unaffected by Proposition 207. To conclude otherwise would essentially legalize the possession of drug paraphernalia for uses related to illegal drugs so long as a defendant also used that paraphernalia for marijuana-related purposes. And we will not read Proposition 207 in a way that would nullify other portions of the criminal code. *Cf. State v. Thompson*, 204 Ariz. 471, ¶ 10 (2003) (in construing statutes, we "avoid constructions that would render statutes invalid or parts of them meaningless"). Therefore, even assuming that the baggie Cisneros pled guilty to possessing did in fact hold both methamphetamine and marijuana, her conviction is not eligible for expungement under § 36-2862.

¶18        Cisneros's argument that the trial court shifted the burden of proof fails as well.  A court must grant a petition for expungement "unless the prosecuting agency establishes by clear and convincing evidence that the petitioner is not eligible for expungement."  § 36-2862(B)(3).  However, the court may set a hearing on the petition if it "concludes there are genuine issues of fact regarding whether the petition should be granted," Ariz. R. Crim. P. 36(c)(1), and may independently deny the petition if it finds "the offense identified in the petition is not eligible for expungement," Ariz. R. Crim. P. 36(d)(3).  The court makes both "findings of fact and conclusions of law" in its determination.  § 36-2862(B)(4).  These provisions do not alter the burden of proof but instead permit the court to act as gatekeeper to ensure that only offenses falling within the parameters of § 36-2862(A)(1)-(3) are expunged.  *See* § 36-2862; Ariz. R. Crim. P. 36(d)(3); *see also Ibarra*, 254 Ariz. 320, ¶ 11 (trial court may deny petition to expunge offense that is facially ineligible under § 36-2862(A)).

¶19        Cisneros contends the state failed to meet its burden of rebutting her request for expungement with clear and convincing evidence when it acknowledged the paraphernalia at issue was "related to methamphetamine and marijuana."  Given the limitation attached to the words "relating to" as used in § 36-2862(A)(3), Cisneros's conviction for drug paraphernalia is not expungable because it unequivocally involved methamphetamine.  The state therefore met its burden of proof, and we need not address this argument further.  The trial court correctly determined that Cisneros's paraphernalia conviction did not qualify for expungement under this statute and, therefore, did not abuse its discretion in denying her petition to expunge.  *See Hall*, 234 Ariz. 374, ¶ 3.

**Disposition**

¶20        We affirm the trial court's denial of Cisneros's petition to expunge her criminal records.

E C K E R S T R O M, Judge, specially concurring:

¶21        Our challenge here is to apply broad, insufficiently determinate, statutory language to resolve a specific legal problem.  By the express terms of the statute, an individual who was convicted of possessing paraphernalia "relating to" the consumption of marijuana is entitled to have that charge expunged.  A.R.S. § 36-2862(A)(3); see also Text of Proposed Amendment § 4, Proposition 207 ("Smart and Safe Arizona Act"), 2019 Ballot Propositions (reflecting "official title" presented to voters in 2019 ballot initiative).  Observing that possession of paraphernalia is a

unitary offense, Cisneros correctly maintains that, at the time of her conviction, defendants could be lawfully convicted based on a showing, beyond a reasonable doubt, that the paraphernalia was used for either methamphetamine, marijuana, or both. She contends, contrary to the trial court's ultimate finding, that her conviction "related to" both and because it therefore related in part to marijuana, it must be expunged by the letter of the statute.

**¶22** Cisneros implicitly maintains that the plain meaning of the language "relating to" would require expungement even when a paraphernalia conviction was, at most, tangentially related to a now-lawful use or possession of marijuana. But her reasoning overlooks that we understand statutory language in the context of the statute in which it resides. Indeed, our supreme court has similarly looked to context when addressing the scope of broad "relating to" language in interpreting the Arizona Constitution. *Saban Rent-a-Car LLC v. Ariz. Dep't of Revenue*, 246 Ariz. 89, ¶ 22 (2019) (accepting appellant's concession that "'related to' could have an almost unlimited reach if construed too broadly" and concluding such language must be read in conjunction with purpose of provision).

**¶23** Here, as my colleagues correctly observe, Section 7 of the Proposition squarely and more specifically addresses the intended scope of the expungement provisions found in § 36-2862: it invites further legislation facilitating the expungement of convictions "predicated on conduct made lawful" by the Act. Text of Prop. 207 § 7(7). Thus, the Proposition itself provides a standard by which to assess "mixed-use" paraphernalia cases: the conviction should be expunged when it is "predicated on" now-lawful behavior. As here, when used as a transitive verb, "predicated on" denotes an outcome that is dependent or based on the specified pre-condition. Predicate, Merriam-Webster.com Dictionary (last visited July 20, 2023) (describing "predicate" as transitive verb).

**¶24** In faithfully applying the statutory guidance provided by the language of the Proposition itself, then, our courts must expunge those paraphernalia convictions that depended on, or were based on, now-lawful use or possession of marijuana. As a practical matter, all paraphernalia convictions will arise from either a defendant's guilty plea or a guilty verdict after trial. The basis for those convictions will thus be found in the factual basis provided by the defendants during their guilty pleas or in the evidence provided by the state to secure a trial conviction.

¶25        In those "mixed-use" cases, where some facts have been presented that the paraphernalia possession may have related to more than one drug, the conviction should only be expunged when the record demonstrates that the conviction would not have occurred but for the evidence of the defendant's now-lawful marijuana related behavior. Only under that circumstance would the conviction depend on, or be based on, the behavior rendered lawful by Proposition 207. If, however, when setting aside the admission or evidence of lawful use, the remaining record demonstrates beyond a reasonable doubt that the defendant possessed the paraphernalia to contain, transport, or use illegal drugs, the conviction should not be expunged. Under the latter circumstance, the conviction would not depend on any concurrent, now-lawful use or possession of the paraphernalia. The approach therefore eliminates any risk that courts would expunge convictions based on behavior that remains illegal.

¶26        Applying this standard, I join my colleagues in rejecting Cisneros's claim. Our record is clear that her conviction was predicated on possessing paraphernalia used to contain methamphetamine. Although both the charging documents and plea agreement suggest that Cisneros possessed multiple items of paraphernalia that collectively were used for both methamphetamine and marijuana, she ultimately pled guilty to possessing only one item of paraphernalia: a plastic baggie. In the factual basis she provided for that count, she expressly admitted that she had used the baggie to store methamphetamine. She referred only obliquely to occasional use of that baggie for another unnamed drug, presumably marijuana. Therefore, her conviction, as distinguished from her charges and plea agreement, did not depend on any evidence that the baggie might also have been used for marijuana. Rather, it demonstrated beyond a reasonable doubt that she used the paraphernalia to contain a drug that remains illegal.

¶27        I write separately to observe that the language included in the Proposition itself provides a workable standard by which the statute's stated purposes can be achieved even in "mixed-use" cases. Fidelity to the language of the Proposition compels us to adopt it. I cannot agree, therefore, with the majority's application of a new standard not found in the Proposition: that our courts must decline to expunge any paraphernalia conviction "related to" a still-illegal drug. In essence, my colleagues seek to remedy the overly-broad "related to" statutory language *requiring* expungement by adopting the identical "related to" language to *prohibit* expungement in all "mixed-use" cases. Albeit conversely, the majority's use of the same imprecise language yields the same counterintuitive results.

¶28  The majority's test would deny expungement even in those cases where the record's reference to illegal use of the paraphernalia was tangential, irrelevant to conviction, or itself insufficient to support guilt beyond a reasonable doubt.  That standard would deny expungement even when the conviction's clear gravamen was the now-lawful use of the paraphernalia—so long as some part of the pertinent factual record "related to" suspected illegal uses.  No language in the statutory scheme suggests any intention to require such debatable results.

¶29  As discussed above, we are provided two separate portions of the Proposition that expressly address the scope of expungement.  In one section, that language directs expungement of those paraphernalia convictions "relating to" the now-lawful use of the marijuana.  Text of Prop. 207 § 4.  In the other, it more specifically contemplates expungement when a paraphernalia conviction was "predicated on" now-lawful behavior.  *Id.* § 7(7).  In both, the drafters chose phrasing designed to affirmatively identify what offenses must be expunged.  In neither section did the drafters choose to set forth a test structured around what may not be expunged.  Nor did the voters consider such broad restrictive language crafted by the majority in adopting the Proposition.  *See* Text of Prop. 207.

¶30  My colleagues correctly observe that the context of the statute implicitly articulates the limited nature of the "personal use" possession it renders lawful.  Indeed, the Proposition both expressly and implicitly conveys an intent to leave the illegality of other drug offenses undisturbed.  But, in Section 7, the voters also approved provisions exhorting the legislature to pass further laws (1) reducing criminal punishment for marijuana possession, (2) increasing the quantity of marijuana a person might lawfully possess, (3) assuring that our state's marijuana laws are not more restrictive than evolving federal laws, and, most important here, (4) mitigating any continuing effects of past criminal convictions for now-lawful possession or use of marijuana.  *See id.* § 7(2)-(7).  Nothing in the Proposition clarifies precisely which of the stated purposes should prevail when, as here, we face a potential tension in emphasis between those goals.

¶31  In short, neither the statutory language we must faithfully apply nor the broader purposes conveyed by the Proposition provide a basis for the heightened standard the majority has applied.  In so doing, the majority adds a restrictive condition to expungement that was neither included in the Proposition's language nor considered by the voters.

¶32          My colleagues' formulation may indeed be more easily applied and, in most "mixed-use" expungement cases, may lead to the same common-sense result.  But our court is not at liberty to substitute its own version of a workable standard for the express guidance provided by the Proposition and legislation before us.