IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO



THE STATE OF ARIZONA,                 )          2 CA-CR 2012-0065
                                      )          DEPARTMENT B
                        Appellee,     )
                                      )          O P I N I O N
           v.                         )
                                      )
JOSEPH LAWRENCE DIXON,                )
                                      )
                        Appellant.    )
                                      )



APPEAL FROM THE SUPERIOR COURT OF COCHISE COUNTY

Cause No. CR201100293

Honorable James L. Conlogue, Judge

AFFIRMED


Thomas C. Horne, Arizona Attorney General
  By Kent E. Cattani, Joseph T. Maziarz, and
  Diane Leigh Hunt                                                      Tucson
                                                          Attorneys for Appellee


Joel A. Larson, Cochise County Legal Defender
  By Joel A. Larson                                                     Bisbee
                                                         Attorneys for Appellant


K E L L Y, Judge.

¶1 Joseph Dixon appeals from his convictions and sentences for twenty-four counts of sexual exploitation of a minor. He argues the state lacked subject matter jurisdiction over his possession of exploitive visual depictions because there was no evidence a criminal offense had been committed during the creation of those depictions. He also contends the court erred in sentencing him under A.R.S. § 13-705 because there was no evidence an offense was committed against a minor. We affirm.

**Factual and Procedural Background**

¶2 The relevant facts are undisputed. After a jury trial, Dixon was convicted of twenty-four counts of sexual exploitation of a minor under the age of fifteen years by knowingly possessing, electronically transmitting, exchanging, or receiving any visual depiction in which a minor under the age of fifteen years is engaged in exploitive exhibition or other sexual conduct. He was sentenced to twenty-four consecutive minimum ten-year prison terms pursuant to § 13-705(D). This appeal followed.

**Discussion**

¶3 Dixon argues the state lacked subject matter jurisdiction over his possession of exploitive visual depictions because there was no evidence a criminal offense had been committed when the relevant depictions were created. Arizona has jurisdiction over a criminal offense if "[c]onduct constituting any element of the offense or a result of such conduct occurs within this state." A.R.S. § 13-108. "Subject matter jurisdiction is a question of law, which we review de novo." *State v. Bryant*, 219 Ariz. 514, ¶ 4, 200 P.3d 1011, 1013 (App. 2008).

¶4            Section 13-3553(A), A.R.S., provides that a person commits sexual exploitation of a minor by knowingly:

> 1. Recording, filming, photographing, developing or duplicating any visual depiction in which a minor is engaged in exploitive exhibition or other sexual conduct.
>
> 2. Distributing, transporting, exhibiting, receiving, selling, purchasing, electronically transmitting, possessing or exchanging any visual depiction in which a minor is engaged in exploitive exhibition or other sexual conduct.

"Our primary purpose in interpreting a statute is to give effect to the legislature's intent." *State v. Hinden*, 224 Ariz. 508, ¶ 9, 233 P.3d 621, 623 (App. 2010). The best and most reliable indicator of that intent is the statute's language and, if it is plain and unambiguous, we will "look no further." *Id.*; *see also City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, ¶ 6, 181 P.3d 219, 225 (App. 2008) (when statutory language unambiguous "a court should not look beyond the language but rather 'simply apply it without using other means of construction, assuming that the legislature has said what it means'"), *quoting Hughes v. Jorgenson*, 203 Ariz. 71, ¶ 11, 50 P.3d 821, 823 (2002).

¶5            Dixon concedes each image that formed the basis for his convictions "me[t] the definition of an exploitive exhibition." *See* A.R.S. § 13-3551(4). And he does not dispute that he possessed the depictions in Arizona. He also acknowledges that case law has established "[e]ach subsection [of § 13-3553(A)] is violated by distinctly different

3

conduct causing different kinds of harm to the child" and creates separate and distinct offenses. *State v. Paredes-Solano*, 223 Ariz. 284, ¶ 15, 222 P.3d 900, 906 (App. 2009).

¶6 Dixon argues, however, a minor may not be sexually exploited pursuant to § 13-3553(A)(2) unless that minor was "criminally victimized" during the creation of the visual depiction described in § 13-3553(A)(1), under the law at the location where it was created. He contends that if the creation of the depiction was legal where it was created, its possession cannot support a conviction in Arizona because the "act of possession cannot be uncoupled from the depiction." Dixon proposes that, unless the state proves an offense occurred during creation of the depiction, it lacks jurisdiction because "the simple conduct of possession has not ripened into an element of the offense." But even assuming Dixon's theory would limit the state's jurisdiction over sexual exploitation offenses, his argument fails because we reject his construction of the statute.

¶7 Dixon's proposed interpretation of § 13-3553(A) imposes additional elements not supported by the statute's language or related case law. It is well-established that possessing a visual depiction pursuant to § 13-3553(A)(2) is a separate act that supports a conviction under the statute, independent of any conduct described in § 13-3553(A)(1). *See State v. Jensen*, 217 Ariz. 345, ¶ 6, 173 P.3d 1046, 1049 (App. 2008) ("receiving" and "possessing" each separate act violating statute). And nothing in the definition of exploitive exhibition requires the state to prove an additional criminal offense—instead, it describes particular conduct that Dixon does not dispute was proven in this case. *See* § 13-3551(4) (exploitive exhibition is "the actual or simulated exhibition

4

of the genitals or pubic or rectal areas of any person for the purpose of sexual stimulation of the viewer").

¶8 In *Paredes-Solano*, this court noted the conduct described in § 13-3553(A)(2) "can only occur after an image has been created" and harms the minor by perpetuating "those images." 223 Ariz. 284, ¶¶ 10, 15, 222 P.3d at 904, 906. Dixon contends this language supports his suggestion that the same minor must be victimized both by the creation of a depiction and by its possession before such possession can support a conviction. However, the cited language neither addresses nor supports Dixon's argument, but merely acknowledges that each subsection refers to the same type of depiction. Moreover, the case explicitly refutes Dixon's suggestion that proof of one offense is a necessary prerequisite to proving the other by reiterating that "[t]he two subsections . . . create offenses that are separate and distinct." *Id.* ¶ 15.

¶9 Dixon also argues the "legislative purpose behind A.R.S. § 13-3553 [is] to protect the children of <u>Arizona</u> from sexual exploitation," which supports limiting the application of the statute as he has proposed. We disagree for several reasons. First, a statute's plain language is conclusive unless it will frustrate the legislature's clearly expressed intent. *State v. Estrada*, 201 Ariz. 247, ¶ 19, 34 P.3d 356, 360 (2001). And "[s]tatutes shall be liberally construed to effect their objects and to promote justice." A.R.S. § 1-211(B). Dixon has not shown the legislature's intended purpose would be frustrated by prohibiting the possession of exploitive depictions even where the state has not proven the minor depicted was "victimized" under Arizona law on an earlier

5

occasion. To the contrary, when the legislature enacted the predecessor to § 13-3553, it recognized its interest was not limited to protecting the minor victims depicted, but extended to combating "the climate encouraging the sexual exploitation of other children." 1978 Ariz. Sess. Laws, ch. 200, § 2. It also found "the use of children as subjects in the production of pornographic materials is very harmful to . . . society as a whole." *Id.*

¶10 Moreover, we presume the legislature did not intend an absurd result. *Clear Channel Outdoor, Inc.*, 218 Ariz. 172, ¶ 26, 181 P.3d at 229. Under Dixon's proposed interpretation, if a minor—even an Arizona resident—was taken to a jurisdiction that did not criminalize the acts depicted in the creation of child pornography, any depictions created there could be distributed and possessed in Arizona without implicating § 13-3553(A). In light of the legislature's express findings regarding the broad and continuing harm caused by such acts, this would be an absurd result.

¶11 The plain language of § 13-3553(A) does not support Dixon's contention that his "simple conduct of possession ha[d] not ripened into an element of the offense," nor is the legislature's clearly expressed intent frustrated by the application of the statute's plain language. *See Estrada*, 201 Ariz. 247, ¶ 19, 34 P.3d at 360. Because conduct constituting Dixon's possession pursuant to § 13-3553(A)(2) occurred in Arizona, the state had subject matter jurisdiction over his offenses.[1] *See* § 13-108.

---

[1]For the same reason, the cases Dixon cites discussing "the extent of Arizona's power to punish conduct that occurs outside of the State" are inapposite.

**¶12** Dixon also argues the trial court committed fundamental error by sentencing him pursuant to A.R.S. § 13-705. In an argument similar to that addressed above, he argues § 13-705 does not apply to a conviction under § 13-3553 "in the absence of evidence that an offense was committed in the making of the visual depiction." Dixon did not object on this basis below and we therefore review for fundamental, prejudicial error. *See State v. Henderson*, 210 Ariz. 561, ¶¶ 19-20, 115 P.3d 601, 607 (2005). However, imposition of an illegal sentence constitutes fundamental error. *State v. Zinsmeyer*, 222 Ariz. 612, ¶ 26, 218 P.3d 1069, 1080 (App. 2009).

**¶13** Section 13-705 provides that sexual exploitation of a minor is a dangerous crime against children and establishes the sentencing range for those convicted of the offense. § 13-705(D), (P)(1)(g). Dixon does not dispute the jury found he was guilty of twenty-four counts of sexual exploitation based on his possession of depictions of minors engaged in exploitive exhibition. For the reasons discussed above, the conduct described in § 13-3553(A)(2) constitutes the sexual exploitation of a minor even absent any proof of an offense pursuant to § 13-3553(A)(1). And nothing in § 13-705 supports Dixon's contention that the state must prove the minor victim's "connection" to Arizona before sexual exploitation may be punished as a dangerous crime against children. *Hinden*, 224 Ariz. 508, ¶ 9, 233 P.3d 621, 623 (we will not look beyond plain and unambiguous language). Therefore, we reject his contention that the state has not proven a

"victimizing offense" and conclude the trial court did not err in sentencing him pursuant to § 13-705.

## Disposition

**¶14**     For the foregoing reasons, Dixon's convictions and sentences are affirmed.


/s/ *Virginia C. Kelly*
_____
VIRGINIA C. KELLY, Judge


CONCURRING:

/s/ *Garye L. Vásquez*
_____
GARYE L. VÁSQUEZ, Presiding Judge


/s/ *Philip G. Espinosa*
_____
PHILIP G. ESPINOSA, Judge