IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

---

THE STATE OF ARIZONA,
*Respondent*,

*v.*

CHRISTIAN PAUL ROYALTY,
*Petitioner*.

No. 2 CA-CR 2014-0240-PR
Filed October 16, 2014

---

Petition for Review from the Superior Court in Yavapai County
No. P1300CR200900998
The Honorable Michael R. Bluff, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Sheila Sullivan Polk, Yavapai County Attorney
By Dana E. Owens, Prescott
*Counsel for Respondent*

C. Kenneth Ray II, P.C., Prescott
By C. Kenneth Ray II
*Counsel for Petitioner*

**OPINION**

Judge Howard authored the opinion of the Court, in which Judge Vásquez and Judge Brammer[1] concurred.

H O W A R D, Judge:

**¶1**	Petitioner Christian Royalty seeks review of the trial court's order summarily dismissing his petition for post-conviction relief filed pursuant to Rule 32, Ariz. R. Crim. P., asserting he is entitled to a new trial or to be resentenced, or at the very least, to an evidentiary hearing. We will not disturb that ruling unless the court clearly has abused its discretion. *State v. Swoopes*, 216 Ariz. 390, ¶ 4, 166 P.3d 945, 948 (App. 2007). We find no such abuse here.

**Factual and Procedural Background**

**¶2**	Royalty was convicted after a jury trial of ten counts of sexual exploitation of a minor,[2] all dangerous crimes against children. The convictions arose from the discovery of a six-page computer printout from a website; the printout included sixty-eight pictures of both real and computer-generated children engaged in various sexual acts or exploitive exhibitions and was found inside a

---

[1] The Hon. J. William Brammer, Jr., a retired judge of this court, is called back to active duty to serve on this case pursuant to orders of this court and the supreme court.

[2] Section 13-3553(A)(2), A.R.S., provides that a person commits sexual exploitation of a minor by knowingly: "Distributing, transporting, exhibiting, receiving, selling, purchasing, electronically transmitting, possessing or exchanging any visual depiction in which a minor is engaged in exploitive exhibition or other sexual conduct." Subsection (C) of the statute provides the offense is a class two felony "and if the minor is under fifteen years of age it is punishable pursuant to § 13-705" as a dangerous crime against children.

locked briefcase in Royalty's bedroom closet.[3]   The trial court sentenced him to ten consecutive life terms without the possibility of release for thirty-five years.   We affirmed his convictions and sentences on appeal.   *State v. Royalty*, No. 1 CA-CR 10-0527, ¶ 28 (memorandum decision filed Oct. 4, 2011).

**¶3**   In his petition for post-conviction relief, Royalty asserted the trial court lacked jurisdiction to sentence him pursuant to A.R.S. § 13-705, the statute that governs dangerous crimes against children, rendering his sentences excessive and illegal.   He also argued appellate and trial counsel had been ineffective—appellate counsel by failing to challenge his sentences, and trial counsel by failing to discover exculpatory evidence before trial.   The court summarily dismissed his petition, and this petition for review followed.

**Discussion**

**¶4**   To the extent Royalty challenges on review the trial court's rejection of his claim that it improperly enhanced his sentences under § 13-705, this claim is precluded because he could have raised it on appeal; and in fact, Royalty did raise a related challenge to § 13-705 on appeal.   *See Royalty*, No. 1 CA-CR 10-0527, ¶¶ 20-25; *see also* Ariz. R. Crim. P. 32.2(a) (defendant precluded from Rule 32 relief on any ground raised or raisable on appeal). However, to the extent this claim is raised as one of ineffective assistance of counsel, it is not precluded.

**¶5**   In order to state a colorable claim of ineffective assistance of counsel, a defendant must establish that counsel's performance fell below an objectively reasonable professional standard and that the deficient performance was prejudicial to the defense.   *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *State v. Nash*, 143 Ariz. 392, 397, 694 P.2d 222, 227 (1985).

---

[3]Royalty subsequently admitted the briefcase belonged to him.

¶6      In what appears to be a claim of ineffective assistance related only to appellate counsel,[4] Royalty argues counsel should have challenged the enhancement of his sentence under § 13-705. Section 13-3551(6), A.R.S., defines a "minor" as "a person or persons who were under eighteen years of age at the time a visual depiction was created, adapted or modified." Royalty points out that § 13-705(P)(1)(g) provides that a "[d]angerous crime against children" (including sexual exploitation of a minor), means a crime "committed against a minor who *is* under fifteen years of age" (emphasis added), and that the computer printout found in his closet was "created, adapted or modified" in October 2008, the date on the printout. He argues, therefore, because the children in the images giving rise to counts three and seven of the indictment were not under the age of fifteen[5] in October 2008, when he "created, adapted or modified" the images, § 13-705 does not apply to him. He also maintains the state "failed to offer any evidence or testimony establishing the ages [in October 2008] of the persons" in the remaining eight images, who unlike the images relating to counts three and seven, were not "known images" of identifiable individuals.

---

[4] Although Royalty suggests initially that only appellate counsel was ineffective for failing to challenge the applicability of § 13-705, he subsequently suggests in the body of his petition that this claim applies to both trial and appellate counsel. However, he also asserts, "Presumably, the Trial Court would have been of the same opinion upon the allegation that Defendant's Trial counsel was also ineffective for failing to assert . . . the inapplicability of A.R.S. [§] 13-705," suggesting he had not asserted trial counsel was ineffective in this regard. In any event, because we find the trial court did not abuse its discretion in rejecting these claims, this distinction is not material.

[5] It is undisputed that the individuals depicted in the images relating to counts three and seven were under the age of fifteen when the images were first created, but because they were born in 1967 and 1989 respectively, they were not minors in October 2008, the date on the computer printout found in Royalty's closet.

¶7        In its order rejecting this argument below, the trial court found Royalty had failed to provide any legal authority to support his interpretation of § 13-705(P)(1)(g) and also concluded it would not have found this theory persuasive even had it been presented at trial or sentencing.

¶8        We conclude the trial court correctly dismissed this claim and reject Royalty's construction of § 13-705(P)(1)(g). *See, e.g., State v. Dixon*, 231 Ariz. 319, ¶ 6, 294 P.3d 157, 158 (App. 2013) (rejecting defendant's construction of § 13-3553(A) that criminal offense must be committed when sexually exploitive image of child created). "Our primary purpose in interpreting a statute is to give effect to the legislature's intent." *State v. Hinden*, 224 Ariz. 508, ¶ 9, 233 P.3d 621, 623 (App. 2010). In so doing, "'[w]e look first to the statute's language because we expect it to be the best and most reliable index of a statute's meaning.'" *Id., quoting State v. Williams*, 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993). "When the plain text of a statute is clear and unambiguous there is no need to resort to other methods of statutory interpretation to determine the legislature's intent because its intent is readily discernable from the face of the statute." *State v. Christian*, 205 Ariz. 64, ¶ 6, 66 P.3d 1241, 1243 (2003).

¶9        The term "minor," as used in A.R.S. § 13-3553(A)(2), the sexual exploitation of a minor statute, is defined in § 13-3551(6) as "a person or persons who were under eighteen years of age at the time a visual depiction was created, adapted or modified." Section 13-3553(C) provides that sexual exploitation of a minor is a class 2 felony, but if "the minor is under fifteen years of age," the crime is punishable under § 13-705. By requiring harsher punishment if "*the minor* is under fifteen years of age" (emphasis added), the legislature clearly intended to create a subset of minors under the definition in § 13-3551(6) who were sexually exploited. And, because § 13-3551(6) defines the minors in § 13-3553(A)(2) as those victims under eighteen years of age when the visual depiction was "created, adapted or modified," the distinct subset of minors defined in § 13-3553(C) likewise fall within that same definition and the perpetrator may be punished more harshly if the minor was under fifteen years of age when the visual depiction was "created, adapted or modified."

5

¶10 Accordingly, because § 13-3553(C) specifically requires a perpetrator be punished under § 13-705 when the victim is under the age of fifteen, we need not refer to the definition of dangerous crimes against children in § 13-705(P)(1)(g) to determine the appropriate punishment here. But even if we do, our interpretation is informed by the clear legislative intent displayed in § 13-3553(C).[6]

¶11 Moreover, Royalty's proposed interpretation of § 13-705(P)(1)(g), which would permit defendants like him to escape enhanced punishment merely because their acts were not reported until the victim was fifteen or older, would "be an absurd result." *See Dixon*, 231 Ariz. 319, ¶ 10, 294 P.3d at 159. Not only does that interpretation frustrate the legislature's clear intent to treat more harshly individuals who possess exploitive images of children under fifteen years of age when the image was created, it also does not promote justice. *See* A.R.S. § 1-211(B) ("[s]tatutes shall be liberally construed to effect their objects and to promote justice.").[7] In addition, our legislature has expressed a clear intent to address the "broad and continuing harm caused by" acts involving sexual offenses against children. *Dixon*, 231 Ariz. 319, ¶ 10, 294 P.3d at 159. "[W]hen the legislature enacted the predecessor to § 13-3553," it found "'the use of children as subjects in the production of pornographic materials is very harmful to . . . society as a whole,'" *id.* ¶ 9, *quoting* 1978 Ariz. Sess. Laws, ch. 200, § 2, and "[c]ommercial distribution of child pornography . . . is a continuing cause of harm to the child participants and . . . it further develops the climate encouraging the sexual exploitation of other children," 1978 Ariz. Sess. Laws, ch. 200, § 2.

¶12 And, in *State v. Paredes-Solano*, 223 Ariz. 284, ¶ 15, 222 P.3d 900, 906 (App. 2009), we concluded "[t]he actions listed in [§ 13-3553(A)(2)] harm the child through the perpetuation of those images." *See also Osborne v. Ohio*, 495 U.S. 103, 111 (1990) ("[T]he materials produced by child pornographers permanently record the

---

[6]We express no opinion about the correct interpretation of any other dangerous crime against a child.

[7]Royalty does not claim he lacked notice that he faced the enhanced punishment.

victim's abuse. The pornography's continued existence causes the child victims continuing harm by haunting the children in years to come."); *United States v. Norris*, 159 F.3d 926, 929 (5th Cir. 1998) ("Unfortunately, the 'victimization' of the children involved does not end when the pornographer's camera is put away."); *State v. Berger*, 212 Ariz. 473, ¶ 18, 134 P.3d 378, 382 (2006) (child pornography victims harmed not only by production of images but also by invasion of privacy in others' continued possession of such images).

**¶13** Royalty does not dispute that all of the minors were under fifteen years of age when the images were created. Therefore, he is subject to the harsher punishment of § 13-705 for all of the counts.

**¶14** Royalty must show his counsel's performance "fell below objectively reasonable standards." *State v. Bennett*, 213 Ariz. 562, ¶ 21, 146 P.3d 63, 68 (2006), *citing Strickland*, 466 U.S. at 687. Because Royalty's interpretation of §§ 13-705(P)(1)(g) and 13-3553(C) is incorrect, he has not established his appellate counsel fell below reasonable standards in failing to raise this issue or that he was prejudiced.

**¶15** Finally, Royalty argues trial counsel was ineffective for failing to conduct sufficient "reasonable" pretrial investigation that would have revealed exculpatory evidence showing his grandfather had committed the offenses of which he was convicted.[8] In its ruling denying relief on this claim,[9] the trial court noted it had considered

---

[8]As described by Royalty, the additional evidence would have shown that: Royalty had told his mother and grandmother his grandfather had a problem with pornography, and he had confronted his grandfather with this accusation; and, his grandfather had used the same computer Royalty had used, had accessed pornographic material in the past, and had previously exercised control over the briefcase in which the images in this matter were found.

[9]Royalty did not present this claim as one of newly discovered evidence pursuant to Rule 32.1(e), Ariz. R. Crim. P., in his petition for post-conviction relief. And, he only briefly mentioned that the

the post-conviction interviews[10] Royalty had offered to support his claim that "his grandfather was the one who actually downloaded and possessed the illegal images, not him." Concluding that any additional evidence in this regard either would have been irrelevant or cumulative, the court then referred to our findings on appeal: "Although Royalty denied knowing of the printout when questioned by the police and stated it belonged to his grandfather, the grandfather testified the pictures were not his. The jury was free to reject Royalty's denials of responsibility and instead believe the grandfather's testimony." *Royalty*, No. 1 CA-CR 10-0527, ¶ 17.

¶16 At trial, Royalty's grandmother testified that although she was aware her husband had playing cards and magazines that were pornographic, she "wouldn't say he had a problem with" pornography. She also testified that approximately eight months before trial Royalty had told her he had found pornographic images he believed belonged to his grandfather on "the computer," information Royalty also had shared with his mother. The grandmother added that Royalty had confronted his grandfather with the accusation that the images on the computer belonged to him. Although the grandfather acknowledged he at times had exercised control over the briefcase in which the images at trial had

---

post-conviction interviews forming the basis for the claim were "newly-discovered information" in his reply to the state's opposition to his petition. He nonetheless suggests his claim was based on this theory. Although the trial court treated it as a claim of both newly discovered evidence and ineffective assistance of counsel, we address it only as a claim of ineffective assistance of counsel. *Cf. State v. Cannon*, 148 Ariz. 72, 79, 713 P.2d 273, 280 (1985) ("[An appellate court] can disregard substantive issues raised for the first time in the reply brief."); *State v. Ruggiero*, 211 Ariz. 262, n.2, 120 P.3d 690, 695 n.2 (App. 2005) (issues first raised in reply brief generally waived); *State v. Oakley*, 180 Ariz. 34, 36, 881 P.2d 366, 368 (App. 1994) ("[An appellate court] will affirm the trial court when it reaches the correct result even though it does so for the wrong reasons.").

[10] This argument was based on interviews with Royalty's grandfather, grandmother, and mother.

been found, he testified the images did not belong to him. In addition, one of the detectives who served the search warrant in this matter testified that Royalty had told him the images in the briefcase belonged to his grandfather, and that Royalty had spoken to both his mother and grandfather about his grandfather's problem with pornography.

¶17        Based on Royalty's summary of the additional evidence, the record clearly supports the trial court's finding that this evidence was, at best, cumulative. The record simply does not support Royalty's assertion that this new evidence would have shown Royalty "did not download and, thereafter, possess [the images] but, rather, that such was downloaded and possessed by" his grandfather. Nor does the record support Royalty's assertion that this evidence necessarily established trial counsel was ineffective for having failed to discover before trial "that which was, in fact, discoverable." Having failed to show why the court's conclusion that the evidence would have been cumulative or irrelevant was wrong, Royalty has not shown the outcome at trial would have been different even had trial counsel conducted a more thorough pretrial investigation. Accordingly, because Royalty has not made the showing of prejudice necessary to establish a claim of ineffective assistance of counsel, we find no abuse of discretion in the court's denial of this claim. *See Strickland*, 466 U.S. at 687; *Nash*, 143 Ariz. at 397, 694 P.2d at 227.

## Disposition

¶18        Accordingly, we grant review but deny relief.