NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

THOMAS JOSEPH LYNAM, *Appellant.*

No. 1 CA-CR 15-0679
FILED 9-15-2016

Appeal from the Superior Court in Yavapai County
No. V1300CR201480410
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Robert A. Walsh
*Counsel for Appellee*

Craig Williams Attorney at Law PLLC, Prescott Valley
By Craig Williams
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Margaret H. Downie joined.

---

**T H O M P S O N**, Judge:

**¶1**        Thomas Joseph Lynam (Lynam) appeals his ten convictions and sentences for sexual exploitation of a minor based on his possession of child pornography.  We affirm his convictions and sentences for the reasons that follow.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**        Lynam was charged with ten counts of sexual exploitation of a minor younger than fifteen years of age in violation of Arizona Revised Statutes (A.R.S.) § 13-3553 (2010).[1]   He was indicted for possessing visual depictions of child pornography pursuant to subsection (A)(2) of the statute in each of the ten counts.  *See* A.R.S. § 13-3553(A)(2).[2]  Each charged count is a class 2 felony offense and dangerous crime against children punishable by a prison term of ten to twenty-four years.  A.R.S. §§ 13-3553(C), -705(D) (2010).   Pursuant to § 13-705, all sentences for convictions of sexual exploitation of a minor must be served consecutively, without the possibility of sentence suspension, probation, early release, or pardon from

---

[1]        Absent material changes from the relevant date, we cite a statute's current version.

[2]        Each count in the indictment contained the same language: "On or about September 29, 2014, [Lynam], distributed, transported, exhibited, received, sold, purchased, electronically transmitted, possessed or exchanges a visual depiction . . . ." This language reflects § 13-3553(A)(2) which states: "A person commits sexual exploitation of a minor by knowingly: . . . [d]istributing, transporting, exhibiting, receiving, selling, purchasing, electronically transmitting, possessing or exchanging any visual depiction in which a minor is engaged in exploitive exhibition or other sexual conduct."

confinement, except as specifically authorized by A.R.S. § 31-233(A), (B) (2012). A.R.S. § 13-705 (H), (M).

¶3        Lynam's charges were precipitated by information sent by both America Online (AOL) and Google to the National Center for Missing and Exploited Children (NCMEC) in June 2014. Upon receiving the information, NCMEC contacted the Phoenix Police Department (PPD). NCMEC reported to the PPD that five images of potential child pornography were uploaded to two email accounts associated with an IP address in Camp Verde. The PPD forwarded the information to Detective Edgerton in the Yavapai County Sheriff's Office who confirmed the IP address was associated with Lynam. The detective executed a search warrant on Lynam's residence.

¶4        During the execution of the warrant, Lynam agreed to speak with Detective Edgerton after she administered *Miranda*[3] warnings before conducting an audiotaped interview. In the interview Lynam admitted: (1) he was the sole user of his computer, (2) the emails containing the information sent to NCMEC by AOL and Google belonged to him, (3) he downloaded sexually exploitative images from the internet using search terms including "boys," "preteens," and "teens" and downloaded the retrieved images to his computer's hard drive onto CDs and DVDs, (4) he had been downloading these images for approximately 3 years, and (5) to avoid law enforcement detection, he downloaded the images from the internet and after two or three days he would transfer them onto DVDs or CDs and delete them from his computer.

¶5        Several computer disks obtained during the search contained pornographic images of children, from which roughly twenty images were taken to an expert to assess the children's age. The expert gave an opinion as to ten images found on CDs labeled "pix1A" and DVDs labeled "vid10," confirming they had the age characteristics for child pornography. Lynam was indicted for each of the ten depictions which included three video clips on "vid 10" and seven still images from "pix1A."

¶6        Before trial, over defense counsel's objection, the judge granted the state's motion to introduce evidence of pornographic images beyond the ten charged images to prove, among other things, Lynam knowingly possessed the ten charged images. The judge's ruling permitted the detective's testimony about the uncharged images on the stated theory that the images were intrinsic evidence that "directly proved" the crime of

---

[3]        *Miranda v. Arizona*, 384 U.S. 436 (1966).

*duplication* pursuant to A.R.S. § 13-3553(A)(1), although the indictment charged *possession* of child pornography pursuant to A.R.S. § 13-3553(A)(2). The judge further ruled the probative value of the detective's testimony was not substantially outweighed by the danger of unfair prejudice under Arizona Rule of Evidence (Rule) 403's balancing test and thus was admissible at trial.

**¶7**  Consequently, at trial and over defense counsel's renewed objection, the judge permitted Detective Edgerton to testify before the jury to finding 400-500 images of what she considered child pornography in Lynam's residence. The detective also testified that she sent approximately 470 videos and 5,333 images of children to NCMEC to check for missing and exploited children.

**¶8**  After a four-day trial, a jury found Lynam guilty on all ten charged counts. The trial court sentenced Lynam to ten years' imprisonment for each count, to be served consecutively (cumulatively 100 years). Lynam timely appealed to this court. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) (2016), 13-4031 (2016) and -4033(A) (2016).

## DISCUSSION

**¶9**  Lynam raises a number of challenges to his convictions and sentences and seeks a new trial. We address each of the issues Lynam raises in turn, viewing the trial evidence in the light most favorable to sustaining the jury's verdict. *See State v. Nelson*, 214 Ariz. 196, 196, ¶ 2, 150 P.3d 769, 769 (App. 2007).

**¶10**  A trial court's ruling on the admissibility of evidence is reviewed for abuse of discretion. *State v. Dann*, 220 Ariz. 351, 362, ¶ 44, 207 P.3d 604, 616 (2009). We review constitutional issues *de novo*. *In re MH 2007-001275*, 219 Ariz. 216, 219, ¶ 9, 196 P.3d 819, 822 (App. 2008). We also review *de novo* whether a trial court applied the correct statutory provision. *State v. Gonzalez*, 216 Ariz. 11, 12, ¶ 2, 162 P.3d 650, 651 (2007). Lynam additionally requests we search the record for fundamental error. Under fundamental error review, Lynam "bears the burden to establish that '(1) error exists, (2) the error is fundamental, and (3) the error caused him prejudice.'" *State v. James*, 231 Ariz. 490, 493, ¶ 11, 297 P.3d 182, 185 (App. 2013) (citations omitted).

## I. Admissibility of Uncharged Images and Videos Testimony

**¶11**         Lynam argues the trial court erred in ruling the uncharged images proffered by the state through the detective's testimony qualified as intrinsic evidence and abused its discretion in finding the testimony was not unfairly prejudicial under Rule 403's balancing test and thus admissible.  He also maintains the evidence did not qualify as other acts evidence under Rule 404(b).  We find no reversible error.

**¶12**         The state's pre-trial notice of intent to introduce evidence was made pursuant to either the intrinsic-evidence doctrine or Rule 404(b).  The state sought to disclose to the jury that law enforcement found more than the ten charged images to show that Lynam *knowingly* sought out, obtained, downloaded, transferred to external storage devices, and retained child pornography in collection with the ten charged images.  As noted above, an evidentiary hearing was conducted on the matter after which the trial court ruled testimony about the uncharged images was admissible, reasoning that it was intrinsic to the charges and not unduly prejudicial under Rule 403.  However, the court cited the *uncharged* subsection (A)(1) of A.R.S. § 13-3553(A).  Thus, the court permitted trial testimony about 470 uncharged videos and 5,333 uncharged images over Lynam's objection.

**¶13**         The state argues we need not consider whether the uncharged images and videos were inadmissible under the intrinsic evidence doctrine because Rule 404(b) separately justifies the trial court's ruling that the state could present this evidence.  The state also points out Lynam failed to notify the trial court of its mistake in making the admissibility ruling pursuant to the wrong subsection of A.R.S. § 13-3553(A).  "We are required to affirm a trial court's ruling if legally correct for any reason . . . ." *State v. Herrera*, 232 Ariz. 536, 543, ¶ 14, 307 P.3d 103, 110 (App. 2013) (citation and quotation omitted).

**¶14**         The trial judge's ruling predicated on the wrong subsection was harmless error.[4]  First, the evidence directly proved Lynam's knowing

---

[4]     It appears the trial court erred in its intrinsic evidence ruling pursuant to the wrong statute because subsections (A)(1) and (A)(2) constitute separate offenses, dealing with different harms.  *See State v. Dixon*, 231 Ariz. 319, 320, 294 P.3d 157, 158 (App. 2013) (reemphasizing "[i]t is well-established that possessing a visual depiction pursuant to § 13-3553(A)(2) is a separate act that supports a conviction under the statute, independent of any conduct described in § 13-3553(A)(1)"); *State v. Paredes-*

possession of child pornography and, accordingly, was admissible as intrinsic evidence of the charged possession crimes. *State v. Ferrero*, 229 Ariz. 239, 242, ¶ 14, 274 P.3d 509, 512 (2012). Second, Lynam admitted possessing the images that produced the ten charged images and being the sole user of his computer. Excluding testimony about the uncharged images and videos would not have changed the verdicts. Therefore, the admission of the testimony was harmless. *See State v. Poyson*, 198 Ariz. 70, 77-78, ¶ 22, 7 P.3d 79, 86-87 (2000) (collecting cases holding overwhelming evidence of guilt renders evidentiary error harmless); *State v. Hoskins*, 199 Ariz. 127, 142-43, ¶¶ 57-58, 14 P.3d 997, 1012-13 (2000) (finding "strong circumstantial evidence of defendant's guilt" rendered other-act evidence harmless).

**¶15**        Although Lynam argues his confessions make the evidence of uncharged crimes superfluous and therefore prejudicial, his unchallenged confessions essentially moot this point. Further, the risk of unfair prejudice was minimized by the state publishing only the ten charged images to the jury. Given these facts, Lynam has not shown that the trial court abused its discretion in finding the testimony was not unfairly prejudicial; we affirm.

## II.    Sixth Amendment and Due Process Claims

**¶16**        For the first time on appeal, Lynam alleges the trial court's ruling to allow testimony of the uncharged images and videos at trial violated (1) his right to a fair trial and due process under the U.S. and Arizona Constitutions, and (2) his Sixth Amendment right to be informed

---

*Solano*, 223 Ariz. 284, 290, 222 P. 3d 900, 906 (App. 2009) (holding "[t]he actions listed in subsection (A)(1) cause harm to the child in the creation of the visual images, while the acts in subsection (A)(2) harm the child through perpetration of those images. Each subsection is violated by distinctly different conduct causing different kinds of harm to the child. The two subsections thus represent more than merely different ways of committing a single offense and, we conclude create offenses that are separate and distinct").

However, the independent evidence and Lynam's confessions, as discussed *infra* ¶¶ 14-15, render it unnecessary to remand for weighing of the evidence on the issue of the admissibility of the uncharged images and videos under Rule 404(b). *Compare Herrera*, 232 Ariz. at 543 & n.6, ¶ 14, 307 P.3d at 110 (remanding to the trial court to alternatively determine admissibility under Rule 404(c) where the court improperly held evidence was admissible as intrinsic evidence and *it was necessary for the court to assess evidence sufficiency and credibility*.)

of the nature and cause of the accusation because the trial judge based his evidentiary ruling on the wrong subsection of A.R.S. § 13-3553(A). We generally do not consider issues, even constitutional issues, raised for the first time on appeal. *See In re MH 2009-001264*, 224 Ariz. 270, 272, ¶ 7, 229 P.3d 1012, 1014 (2010). We decline to address these issues pursuant to our analysis finding no reversible error in admitting the testimony of the uncharged images and videos pursuant to the wrong statute.

### III.   Cruel and Unusual Punishment and Judicial Discretion in Sentencing

####    A.   Cruel and Unusual Punishment

**¶17**      Arizona severely punishes individuals found in possession of child pornography. The statutory scheme for this offense has been recognized as commanding that "the possession of *each image* of child pornography *is a separate offense*." *State v. Berger*, 212 Ariz. 473, 474, 134 P.3d 378, 379 (2006) (emphasis added); *see* A.R.S. § 13-3551(12) (2014). As noted above, each offense of which a defendant is convicted under § 13-3553(A) carries a sentence of ten to twenty-four years' imprisonment and the convictions must be served consecutively pursuant to A.R.S. § 13-705(D) and (M).

**¶18**      Lynam contends, as he did in the trial court, that this sentencing scheme is cruel and unusual punishment in violation of the United States' and Arizona's Constitutions. *Berger*, however, rejected just such an argument. 212 Ariz. at 474, 134 P.3d at 379 (holding "these sentences do not violate the Eighth Amendment's prohibition on cruel and unusual punishment"). We also reject, as we must, Lynam's request that we overturn *Berger*. *See State v. Newnom*, 208 Ariz. 507, 508, ¶ 8, 95 P.3d 950, 951 (App. 2004) (stating the Court of Appeals has "no authority to overrule or disregard decisions of [the Arizona Supreme Court]").

**¶19**      *Berger* examined the framework for reviewing challenges to lengthy prison sentences in Arizona under the Eighth Amendment. There, the defendant was prosecuted on twenty counts of exploitation of a minor for possession of child pornography. *Berger*, 212 Ariz. at 475, 34 P.3d at 380. The trial judge sentenced the defendant to ten years for each depiction as individual crimes in accordance with the statutory requirement and ordered the sentences be served consecutively. *Id.*

**¶20**      The Arizona Supreme Court recognized that "Eighth [A]mendment analysis focuses on the sentence imposed for each specific crime, not on the cumulative sentence[,]" and that a sentence that is not

disproportionate as to a particular offense does not become so merely because the consecutive sentences are lengthy in the aggregate. *Id.* at 479, ¶ 28, 134 P.3d at 384. The Court found it could not "conclude that a ten-year sentence is grossly disproportionate to [the] crime of knowingly possessing child pornography depicting children younger than fifteen[,]" *id.* at ¶ 29, particularly where the defendant, like Lynam, had a long history of pursuing illegal depictions, *id.* at 480, ¶ 36, 134 P.3d at 385. The Court ultimately concluded that there was "no basis to depart from the general rule that the consecutive nature of sentences does not enter in the proportionality analysis[]" under the Eighth Amendment. *Id.* at 481, ¶ 44, 134 P.3d at 387. Albeit severe, under *Berger*, Lynam's sentences are not so grossly disproportionate to the offenses as to constitute cruel and unusual punishment. We affirm his sentences separately and cumulatively.

### B.    Judicial Discretion

**¶21**      Lynam also avers that by requiring sentencing under the mandatory provisions of A.R.S. § 13-705(D) and (M), the Arizona legislature and the prosecutor who decides how many counts to charge have taken away judicial discretion in sentencing. Lynam, however, has demonstrated no constitutional infirmity in this respect. *See State v. Miranda*, 200 Ariz. 67, 69, ¶ 5, 22 P.3d 506, 508 (2001) ("Defining crimes and fixing punishments are functions of the legislature."); *State v. Renteria*, 126 Ariz. 591, 595, 617 P.2d 543, 547 (App. 1979) (recognizing that "a mandatory sentence prescribed by the legislature is not an unconstitutional invasion of power of the judiciary" (citing *State v. Williams*, 115 Ariz. 288, 289, 564 P.2d 1255, 1256 (App. 1977))); *State v. Gooch*, 139 Ariz. 365, 367, 678 P.2d 946, 948 (1984) ("Choosing which offense to prosecute rests within the duty and discretion of the prosecutor.").

## CONCLUSION

¶22 For the reasons stated above, we affirm Lynam's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA