NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JUSTIN WADE LUNSFORD, *Petitioner*.

No. 1 CA-CR 16-0110 PRPC
FILED 2-20-2018

Petition for Review from the Superior Court in Maricopa County
No. CR2008-007842-001 DT
The Honorable Janet E. Barton, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Justin Wade Lunsford, Florence
*Petitioner*

_____

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Jennifer B. Campbell and Chief Judge Samuel A. Thumma joined.

_____

**B R O W N**, Judge:

¶1            Justin Lunsford petitions this Court for review from the dismissal of his petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure 32.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2            The State charged Lunsford with first-degree murder, arson of an occupied structure, burglary in the second degree, arson of a structure or property, and animal cruelty.  The State alleged that in July 2008 Lunsford stabbed a woman to death and started fires in her home and vehicle in an apparent attempt to conceal the murder.  The State also noticed its intent to seek the death penalty if Lunsford were convicted of first-degree murder.

¶3            After participating in settlement discussions, Lunsford agreed that he would plead no contest to arson of an occupied structure and an amended charge of second-degree murder.  The superior court accepted the no contest plea and sentenced Lunsford to consecutive prison terms of eighteen years for murder and five years for arson.

¶4            Lunsford timely filed a notice of post-conviction relief.  Appointed counsel reviewed the record, trial counsel's file, and correspondence from Lunsford but was unable to find any non-frivolous claims for relief.  Proceeding *pro per*, Lunsford filed two unsuccessful requests for DNA testing in accordance with Arizona Revised Statute ("A.R.S.") section 13-4240.

¶5            Lunsford filed a petition for post-conviction relief in August 2014 and raised claims of actual innocence and ineffective assistance of counsel. He argued his trial counsel was ineffective as a result of (1) "failing to investigate and follow-up on physical evidence, including DNA, that would have demonstrated [Lunsford]'s innocence in this matter"; (2)

"failing to investigate claims that other individuals . . . had committed the murder"; (3) "failing to challenge the pretrial identifications"; and (4) "coercing a plea agreement . . . on the eve of trial, notwithstanding Mr. Lunsford's assertions from the outset that he was completely innocent of the charges against him." In a detailed ruling, the superior court denied Lunsford's petition.

## DISCUSSION

### A.    Actual Innocence

¶6          In his petition for review, Lunsford re-urges his claim of actual innocence. We will only reverse the superior court's ruling if petitioner proves an abuse of discretion or error of law. *State v. Gutierrez*, 229 Ariz. 573, 576-77, ¶ 19 (2012); *State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

¶7          A defendant may be entitled to post-conviction relief on the basis of actual innocence only upon a showing "by clear and convincing evidence that . . . no reasonable fact-finder would find the defendant guilty beyond a reasonable doubt." Ariz. R. Crim. P. 32.1(h). As he did in the superior court, Lunsford bases his actual innocence claim on assertions that (1) no physical evidence exists linking him to the murder; (2) there are other credible suspects; and (3) he has an alibi showing he was not near the murder scene on the day of the murder.

¶8          In evaluating these arguments, the superior court reviewed the record and identified the evidence the State would have presented at a trial—evidence Lunsford does not dispute. This evidence included Lunsford's admissions that he met the victim at a bar the evening of the murder; they purchased and consumed drugs and alcohol together before engaging in consensual sex at the victim's home. He visited two individuals the following day and used the victim's vehicle as transportation to the first individual's home. Both individuals believed Lunsford was acting strangely. The victim's cell phone was used to call persons known to Lunsford but to whom the victim had no known ties. Lunsford had access to a truck matching the description of a vehicle seen leaving the area near the victim's vehicle soon after it was set on fire. Circumstances surrounding the discovery of the body and its condition suggested the murderer was trying to destroy evidence. The court then correctly pointed out that Lunsford failed to include any evidentiary proof of his assertions that other individuals had a motive to murder the victim or that his assertions were largely inconsistent with the State's evidence.

¶9          On this record, we find no error in the superior court's conclusion that Lunsford failed to meet his burden of establishing that no reasonable fact-finder would have found him guilty of the charged offenses against him.

### B.     DNA Testing

¶10          Lunsford argues the superior court erred in denying his requests for DNA testing on the following evidentiary items: a gas container found in the victim's home, a bloody handprint on the wall of the victim's bedroom, contents of the bathroom sink trap, a gas container found in the victim's vehicle, and fingernail scrapings from each of the victim's hands. Lunsford contends that the presence of another person's DNA on these items would have caused the State to dismiss the charges.

¶11          The superior court *must* order post-conviction DNA testing if the defendant proves that all of the following apply:

> 1.     A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through deoxyribonucleic acid testing.
>
> 2.     The evidence is still in existence and is in a condition that allows deoxyribonucleic acid testing to be conducted.
>
> 3.     The evidence was not previously subjected to deoxyribonucleic acid testing or was not subjected to the testing that is now requested and that may resolve an issue not previously resolved by the previous testing.

A.R.S. § 13-4240(B). The court *may* order post-conviction DNA testing if the defendant proves that all of the following apply:

> 1.     A reasonable probability exists that either:
>
> > (a) The petitioner's verdict or sentence would have been more favorable if the results of deoxyribonucleic acid testing had been available at the trial leading to the judgment of conviction.
> >
> > (b) Deoxyribonucleic acid testing will produce exculpatory evidence.

2.      The evidence is still in existence and is in a condition that allows deoxyribonucleic acid testing to be conducted.

3.      The evidence was not previously subjected to deoxyribonucleic acid testing or was not subjected to the testing that is now requested and that may resolve an issue not previously resolved by the previous testing.

A.R.S. § 13-4240(C).  After reviewing Lunsford's motions, the court denied his requests on the grounds that he failed to show DNA test results "either separately or combined," would result in a reasonable probability that he would not have been prosecuted or convicted or that his sentence would have changed.

¶12      We find no abuse of discretion.  The State could have presented sufficient evidence—including Lunsford's admissions—upon which a reasonable jury could have convicted Lunsford of the charged crimes.  Given the nature of the evidence incriminating Lunsford, we are not persuaded a reasonable probability exists that DNA evidence excluding Lunsford or identifying others as having contributed to the items identified, while exculpatory, would have kept the State from prosecuting Lunsford or resulted in a reduced sentence.

### C.      Ineffective Assistance of Counsel

¶13      Lunsford argues the superior court erred in concluding he did not state a colorable claim for ineffective assistance of counsel.  He asserts that counsel failed to investigate the facts surrounding the crime and prepare for a trial, which forced him to enter into a plea agreement.  We review a decision denying post-conviction relief on the grounds of ineffective assistance of counsel for an abuse of discretion.  *See State v. Royalty*, 236 Ariz. 125, 130, ¶ 17 (App. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

¶14      To state a colorable claim, a defendant must show both that counsel's performance fell below objectively reasonable standards and that the deficient performance resulted in prejudice to the defendant.  *Strickland*, 466 U.S. at 687; *State v. Nash*, 143 Ariz. 392, 397-98 (1985) (adopting the *Strickland* test).  "To establish prejudice in the context of a plea agreement, a defendant must show a reasonable probability that except for his lawyer's error he would not have waived his right to trial and entered a plea."  *State v. Ysea*, 191 Ariz. 372, 377, ¶ 17 (1998), *superseded by statute on other grounds*, (citing *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)).

¶15        Lunsford argues the superior court erred in considering statements he made at a settlement conference regarding counsel's performance and his own desire to enter into a plea agreement. During these proceedings, Lunsford stated:

> I've had the regular healthy doubts at times about Counsel that I think every defendant has. But on the whole I trust [first-chair defense counsel] entirely, not just his judgment, but his competence. And he is why we're sitting here today . . . . I'm so sick of fighting this stupid case. I have been fighting it 2 1/2 years. I don't want to spend the rest of my life fighting it. I want to move on.

Lunsford now asserts his subjective beliefs were not relevant to a determination of whether counsel's performance was deficient.

¶16        We need not address this specific point because the statements are relevant to the question of whether Lunsford was prejudiced by counsel's purported deficient performance. The record supports the superior court's findings that Lunsford initiated plea discussions and was open to considering a plea agreement that provided an opportunity to someday rejoin his family. Additionally, counsel stated he "spent a lot of time looking at the opportunity for other people to have access to the victim" and "about two years of work trying to follow up on just about every lead . . . flying different places around here and up to Oregon, talking to as many people as [he] could, having [second chair] do lots of work, having [his] investigative staff do a lot of work"—to ultimately conclude "the State's case is significant." The record further reflects Lunsford was granted an opportunity to discuss the plea with his family before accepting it, acknowledged the plea was in his best interest, and specifically denied being forced or threatened to admit the charges. The record supports the superior court's finding that Lunsford entered the plea knowingly, voluntarily, and intelligently. Lunsford has not established a colorable claim of prejudice, and thus his ineffective assistance of counsel claim fails. *See Royalty*, 236 Ariz. at 130, ¶ 17 (citing *Strickland*, 466 U.S. at 687).

## CONCLUSION

**¶17**        We grant review of Lunsford's petition for post-conviction relief, but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA