NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JOSEPH E. JARVIS, *Plaintiff/Appellant*,

*v.*

ASSA ABLOY GLOBAL SOLUTIONS INC., et al., *Defendants/Appellees*.

No. 1 CA-CV 25-0566

FILED 02-27-2026

Appeal from the Superior Court in Mohave County
No. S-8015-CV-2025-00553
The Honorable Steven C. Moss, Judge
The Honorable Eric E. Gordon, Judge

**AFFIRMED**

COUNSEL

Littler Mendelson PC, Phoenix
By Kristy L. Peters and Yijee Jeong
*Counsel for Defendants/Appellees*

Joseph E. Jarvis
*Appellant*

**MEMORANDUM DECISION**

Presiding Judge Andrew M. Jacobs delivered the decision of the Court, in which Judge Brian Y. Furuya and Judge James B. Morse Jr. joined.

**J A C O B S**, Judge:

¶1        Joseph Jarvis appeals the superior court's order terminating his employment lawsuit for lack of jurisdiction after it was removed to federal court and dismissed there.  He also appeals the court's denial of his motion to disqualify his case's superior court judge under A.R.S. § 12-409.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        On March 3, 2025, Jarvis filed this action in the superior court against his former employer and certain associated persons alleging claims arising from his employment and termination.[1]

¶3        On March 4, 2025, the court directed Jarvis to effect service of the Summons and Complaint on all defendants within 90 days.  *See* Ariz. R. Civ. P. 4(i).  Defendants executed a waiver of service and sent it to Jarvis on April 7, 2025.  But Jarvis never filed the waiver of service with the court.

¶4        On May 6, 2025, Defendants removed the case to federal court.  In their Notice of Removal, Defendants asserted federal question jurisdiction under 28 U.S.C. § 1331, arguing Jarvis asserted claims arising under federal law, including claims under the Age Discrimination in Employment Act, justifying removal under 28 U.S.C. § 1446.  Defendants promptly notified the superior court of removal as required by 28 U.S.C. § 1446(d).

¶5        After removal, Jarvis filed a notice in superior court stating that he had filed a motion to remand in federal court.  His notice asserted Defendants' removal was untimely under 28 U.S.C. § 1446(b).  The court then entered an order taking no action on Jarvis' filings "unless and until [the case] is remanded back" from federal court and staying the matter effective May 6, 2025.  As to Jarvis' argument of improper removal, the superior court reasoned that it was unclear "when service of process was complete as to all [D]efendants, or even if all [D]efendants ha[d] yet been

---

[1] Jarvis named as Defendants his former employer, Traka USA, LLC, related corporate entities (ASSA ABLOY Global Solutions, Inc.; ASSA ABLOY Inc.; and ASSA ABLOY AB), employees of the entities (Nico Delvaux, Danny Garrido, Elizabeth Sidor, Stephen Goshea, Christy Law, Donniel Ogorek, Lucas Boselli, and Stephanie Ordan), and defense counsel in Jarvis' earlier, related federal case: Littler Mendelson, P.C. and its attorneys Kristy Peters, Yijee Jeong, and Erin Webber.

serv[]ed, though Plaintiff alleges a waiver request was submitted on March 7, 2025. It is unclear whether Defendant or Defendants ever signed that waiver. Defendants did, however, employ counsel."

¶6 Jarvis repeatedly moved in the superior court to vacate the stay, lift the stay, and proceed against Defendants. The court repeatedly declined to take action absent a remand from federal court and denied Jarvis' requests that it reconsider those rulings.

¶7 Meanwhile, in federal court, Jarvis filed a notice of voluntary dismissal without prejudice, alleging federal judicial bias and misconduct by Defendants and their counsel. The federal court dismissed the case, terminated the action, and declared all pending motions moot without issuing any remand order.

¶8 Defendants then filed a notice in the superior court that the federal court dismissed and terminated Jarvis' case. Defendants moved the court to declare Jarvis a vexatious litigant. The court set a hearing on pending motions in July 2025.

¶9 At the hearing, the court determined it lacked jurisdiction over Jarvis' case because the case had been removed to federal court and dismissed there without any order remanding it to the superior court. The superior court terminated Jarvis' case, denied his pending motions as moot, and declined to address Defendants' request to declare Jarvis a vexatious litigant for lack of jurisdiction. The court also denied Jarvis' motions for reconsideration.

¶10 Jarvis then moved to disqualify his case's assigned judicial officer, Judge Steven Moss, under A.R.S. § 12-409(B)(5), who Jarvis claimed exhibited bias, prejudice, or hostility towards him as a pro se litigant. Jarvis also claimed the judge made "disparaging comments implying [Jarvis]'s legal filings were 'AI-generated'" and that the judge exhibited "[i]ncompetence in applying clear procedural law." The court assigned Jarvis' motion to a different judge, who denied it.

¶11 Jarvis timely appealed the court's dismissal order and its order denying his motion to disqualify. We have jurisdiction. Ariz. Const. art. 6 § 9; A.R.S. § 12-2101(A)(1).

## DISCUSSION

### I. The Superior Court Correctly Determined It Lacked Authority to Proceed Once Defendants Removed Jarvis' Case.

#### A. Defendants' Removal Was Timely and Divested the Superior Court of Jurisdiction Over Jarvis' Case.

**¶12** We review *de novo* whether removal complied with 28 U.S.C. § 1446 and whether the superior court retained authority to proceed because they are questions of law. *See Tovrea Land and Cattle Co. v. Linsenmeyer et al.*, 100 Ariz. 107, 114 (1966) (holding that the appellate court is not bound by the conclusions of law made by the superior court); *State v. Dixon*, 231 Ariz. 319, 320 ¶ 3 (App. 2013) (holding that subject matter jurisdiction is a question of law we review *de novo*).

**¶13** Jarvis argues Defendants' removal of his case was untimely under 28 U.S.C. § 1446(b)(1), so the superior court erred by refusing to allow his case to proceed. Defendants argue that upon removal, the superior court lost jurisdiction unless and until the federal court remanded it. Defendants are correct.

**¶14** The record defeats Jarvis' theory of untimely removal. He claims he transmitted the summons and complaint to Defendants on March 7, 2025, while Defendants argue they received the summons, complaint, and request to waive service by email on March 8 or 9, 2025 (according to different filings in the record) which they executed and returned on April 7, 2025.

**¶15** Regardless, Jarvis failed to file either Defendants' signed waiver or any proof of service with the court. *See* Ariz. R. Civ. P. 4(f)(1) (noting that a waiver of service must "be filed in the action"), (g)(1) (providing that a "person effecting service must file proof of service with the court"). Those omissions defeat Jarvis' theory that removal was untimely. That theory depends on a definite service date triggering the 30-day removal clock in 28 U.S.C. § 1446(b)(1), but none is present here. *See* Ariz. R. Civ. P. 4.1(c)(4); 4.2(d)(4) (noting that when defendants execute waivers of service, the rules of civil procedure "apply as if a summons and the pleading being served had been served *at the time of filing* the waiver" (emphasis added)).

**¶16** Given that record, Defendants' voluntary appearance on May 6, 2025, when they filed the Notice of Removal, was timely. A party can waive objections to service and personal jurisdiction by appearing and

litigating in a manner inconsistent with preserving those defenses. *McMahan v. Grasshopper Trans. Inc.*, --- Ariz. ---, --- ¶¶ 23–24, 577 P.3d 468, 473 (App. 2025). Defendants' voluntary appearance here "has the same effect as a timely and valid service of process." *Id.* at ¶ 23 (quoting *Montano v. Scottsdale Baptist Hosp., Inc.*, 119 Ariz. 448, 452 (1978)).

¶17        Removal divested the superior court of authority to proceed. Section 1446(d) provides that once a party serves and files their notice of removal, "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). After that, the state court "los[es] all jurisdiction over the case," and any subsequent state-court orders issued before remand are "absolutely void." *Roman Cath. Archdiocese of San Juan, P.R. v. Acevedo Feliciano*, 589 U.S. 57, 63–64 (2020) (quoting *Kern v. Huidekoper*, 103 U.S. 485, 493 (1881)). The superior court's May 6, 2025 order, staying the case and explaining it would take no action until the federal court remanded it, complied with 28 U.S.C. § 1446(d).

¶18        Because the federal court did not remand the case, the superior court never regained jurisdiction over it. *See* 28 U.S.C. § 1446(d); *Acevedo Feliciano*, 589 U.S. at 63–64. The court thus correctly concluded it lacked the authority to proceed and properly terminated the matter.

### B.        Jarvis Fails to Establish Any Other Defect in Defendants' Notice of Removal.

¶19        Jarvis also argues that removal was defective because there was no unanimous consent to removal under 28 U.S.C. § 1446(b)(2)(A) and because the Notice of Removal supposedly included a third party who was not a plaintiff. These arguments lack merit.

¶20        *First*, Defendants correctly note that Jarvis offered no explanation in his opening brief as to which defendant allegedly failed to consent to removal. Because Jarvis fails to explain this argument, it is waived. *State v. Moody*, 208 Ariz. 424, 452 ¶ 101 n.9 (2004) (failure to develop argument generally results in abandonment and waiver of issue). His belated attempt to explain this in his reply brief does not cure this waiver. *See VEREIT Real Est., LP v. Fitness Int'l, LLC*, 255 Ariz. 147, 154 ¶ 23 (App. 2023).

¶21        *Second*, taking Jarvis' argument to mean that the Notice of Removal improperly included Huiqin Du, Defendants further note that Du was properly included because Jarvis identified her as a co-plaintiff in his initial complaint, even demanding a jury trial on her behalf. Defendants'

inclusion of Du in the Notice of Removal establishes no defect in the removal.

### C. Jarvis' Argument That Lack of Federal Subject Matter Jurisdiction Should Have Defeated Removal Fails.

**¶22** Jarvis also argues removal was improper because his complaint asserted only state law claims. This argument fails for two reasons.

**¶23** *First*, as Defendants point out, upon removal, the state court is divested of authority to proceed unless and until the case is remanded. 28 U.S.C. § 1446(d). Thus, whether a case is removable and whether federal subject matter jurisdiction exists are questions for the federal court. *Stoll v. Hawkeye Cas. Co. of Des Moines, Iowa*, 185 F.2d 96, 99 (8th Cir. 1950). Because the federal court never remanded this case, the superior court properly declined to address this argument.

**¶24** *Second,* Jarvis' complaint asserted multiple claims under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 to -634, including age discrimination, equal pay, and denial of a promotion. These give rise to federal subject matter jurisdiction. *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 549 (5th Cir. 2020) (finding that the federal court has jurisdiction because the case arose under federal law, the ADEA). Thus, Jarvis' argument likewise fails on the merits.

## II. The Superior Court Did Not Abuse Its Discretion in Denying Jarvis' Motion to Disqualify the Judicial Officer.

**¶25** Lastly, Jarvis appeals the order denying his motion to disqualify Judge Moss under A.R.S. § 12-409, contending the judge's rulings and comment reflected incompetence, bias, and hostility towards Jarvis as a pro se litigant. Defendants respond that Jarvis' allegations amount to disagreement with the court's decisions and do not establish judicial bias. Defendants are correct.

**¶26** We presume judges are free of bias and prejudice. *State v. Medina*, 193 Ariz. 504, 510 ¶ 11 (1999). The party seeking disqualification bears the burden of establishing bias by a preponderance of the evidence through specific, non-conclusory facts. *See id.* We review the denial of a motion to disqualify for abuse of discretion. *Matter of Cameron v. State ex rel. Dep't Econ. Sec.*, No. 1 CA-CV 23-0261 FC, 2024 WL 1113572, at *4 ¶ 19 (Ariz. App. Mar. 14, 2024) (mem. decision).

¶27 Jarvis' arguments are conclusory and rest on disagreement with the court's legal rulings rather than facts demonstrating bias. Additionally, his assertion of "incompetence" as an independent basis for relief fails because incompetence is not a ground for disqualification under A.R.S. § 12-409. Because Jarvis failed to present specific facts showing hostility or a reasonable basis to question Judge Moss' impartiality, the superior court did not abuse its discretion in denying Jarvis' motion. *See State v. Schackart*, 190 Ariz. 238, 256 (1997) (finding that unfavorable rulings are insufficient support for a claim that a judge is biased or prejudiced against a party).

**CONCLUSION**

¶28 We affirm. Defendants request an award of their reasonable attorneys' fees, citing ARCAP 21, and their costs, citing A.R.S. § 12-341. But ARCAP 21 "only establishes the procedure for claiming attorneys' fees and does not create any substantive right to them." Ariz. R. Civ. App. P. 21(a)(2). We thus deny Defendants' request for fees, but grant them their costs subject to their compliance with ARCAP 21. Jarvis requests that the Court award him costs and sanction Defendants under ARCAP 25. We deny Jarvis' request for sanctions.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:                JR